**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DANNY HAROLD, | : | **CIV. NO. 16-5453(RMB)** |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| KEITH McCRAY, | : | |
| Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of a prisoner civil rights complaint (Compl., ECF No. 1), and an application to proceed in forma pauperis (ECF No. 1-2.) Plaintiff is confined in Talbot Hall[1] in Kearny, New Jersey. (Id., ECF No. 1 at 3.)

Plaintiff has established his inability to pay the filing fee, and his IFP application will be granted pursuant to 28 U.S.C. § 1915.

I.  SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

---

[1] Talbot Hall is a residential assessment and treatment center whose residents are referred through the New Jersey Department of Corrections. Available at http://www.cecintl.com/reentry/residential-reentry-locations/talbot-hall/

1

After Plaintiff pays the filing fee or is granted in forma pauperis status, the Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A.  The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

III. DISCUSSION

    A.    The Complaint

Plaintiff alleges the following in the Statement of Claims section of his Complaint:

> Somewhere in the month of Nov. I was call by Keith McCray to come take a urine and once we were down stair where no one were Keith McCray told me to drop my pants and underwear down to my ankle and lift up my shirt with my butt facing to him and urine in the cup.

(Compl., ECF No. 1, ¶6.) Plaintiff did not allege which constitutional right he believes was violated. The Court assumes Plaintiff intended to raise a Fourth Amendment claim for violation of his right to privacy.

    B.    Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

C. Analysis

Plaintiff is confined in Talbot Hall, a halfway house. Halfway houses are institutional confinement similar to prison. Asquith v. Dept. of Corr., 186 F.3d 407, 411 (3d Cir. 1999). The Fourth Amendment right to privacy applies to bodily searches in prison. Parkell v. Danburg, --F.3d--, 2016 WL 4375620, at *5 (3d Cir. 2016). The contours of a prisoner's Fourth Amendment rights are very narrow. Parkell, 2016 WL 4375620, at *5. Courts must balance "'the need for the particular search against the invasion of personal rights that the search entails.'" Id. (quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Id. A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. Id. (citing Florence v. Board of Chosen Freeholders of County of Burlington, 132 S.Ct. 1510, 1523 (2012).

The facts involving the justification for Plaintiff's urine test and the needs of the institution that might justify this particular search may be unavailable to Plaintiff. Without these facts, the Court cannot determine whether Plaintiff has stated a claim for violation of his Fourth Amendment right to privacy.

Therefore, the Court will proceed the Complaint and reserve this determination.

IT IS THEREFORE on this **21st** day of **September 2016**,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby granted; and it is further

**ORDERED** that the Complaint may proceed and shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the administrator of Talbot Hall; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to Bruce v. Samuels, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether

5

to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with Bruce, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted

by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service ; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

s/RENÉE MARIE BUMB
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**