**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

DANNY HAROLD, : **CIV. NO. 16-5453 (RMB)**
:
        Plaintiff, :
:
  v. : **OPINION**
:
KEITH McCRAY, :
:
        Defendant. :

**BUMB**, United States District Judge

I.    BACKGROUND

    Plaintiff, a former inmate at Talbot Hall in Kearney, New Jersey, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On September 21, 2016, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed the Clerk to send Plaintiff a transmittal letter explaining the procedure for completing the USM-285 forms required for service of the complaint on the defendant. (Order, ECF No. 2.) The summons was returned as executed on November 21, 2016. (Process Receipt and Return, ECF No. 6.)

    A copy of the Process Receipt and Return was mailed to Plaintiff at his last known address. On December 5, 2016, it was returned to the Court as "Attempted Not Known" "Unable to Forward". (ECF No. 7.)

On December 13, 2016, Defendant filed a motion to dismiss the complaint (Mot. to Dismiss Pl's Compl. Pursuant to Fed. R. Civ. P. 12(b)(5) ("Mot. to Dismiss"), ECF No. 8) asserting that no one by the name of Keith McCray is employed at Talbot Hall. (Brief in Supp. of Mot. to Dismiss Compl. Pursuant to Fed. R. Civ. P. 12(b)(5)) ("Def's Brief"), ECF No. 8-2 at 4.) Defendant requested that the Court dismiss the complaint for insufficient service of process. (Id. at 6-7.) Plaintiff did not respond to the motion to dismiss, nor has he contacted the Court to provide his new address.

II. DISCUSSION

Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a Plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. See Archie v. Dept. of Corr., Civ. No. 12-2466 (RBK/JS), 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015) (collecting cases).

Mail sent to Plaintiff's last known address was returned to the Court. To date, Plaintiff has not informed the Court of his new address. When dismissing an action as a sanction, a court should weigh the following factors:

2

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1984).

    A.    <u>Extent of the Party's Personal Responsibility</u>

Plaintiff, as an unrepresented litigant, is solely responsible for providing the Court with his correct address.

    B.    <u>Prejudice to the Adversary</u>

According to Defendant's motion to dismiss, Plaintiff has not served the complaint on Defendant Harold McCray because there is no Harold McCray at Talbot Hall. (Def's Brief, ECF No. 8-2.) The summons and complaint were given to Melissa Crayten at Talbot Hall on October 28, 2016. (ECF No. 6.) Ms. Crayten searched the employment records of Talbot Hall and could not find a Harold McCray. (ECXF No. 8-2 at 4, ¶5.) Pursuant to Federal Rule of Civil Procedure 4(m), if the defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice as to that defendant.

C.  History of Dilatoriness

Plaintiff has taken only two steps in prosecuting this action: filing the complaint and completing a form to obtain service on the defendant at Talbot Hall. Plaintiff did not respond to Defendant's motion to dismiss.

D.  Whether the Conduct of the Party Was Willful or in Bad Faith

It is not presently known whether Plaintiff's failure to prosecute this action was willful or in bad faith.

E.  Effectiveness of Alternative Sanctions

Sanctions other than dismissal will not be effective because the Court cannot communicate any sanctions to Plaintiff without his current mailing address.

F.  The Merits of the Claims or Defenses

The final factor to consider is whether the Plaintiff's claims have merit. The complaint was allowed to proceed past screening under 28 U.S.C. § 1915(e)(2)(B). (Order, ECF No. 2.) Nonetheless, the case cannot proceed until Plaintiff provides the information needed to serve the complaint on the defendant.

Weighing all of the factors, dismissal as a sanction is warranted in this case, primarily because the case cannot move forward without a way to communicate with Plaintiff. The Court will

dismiss the complaint without prejudice.  An appropriate order follows.

III. CONCLUSION

In the accompanying Order filed herewith, this Court will dismiss this action without prejudice because Plaintiff failed to notify the Court of his forwarding address.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

DATED: JULY 6, 2017